UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE ARANSAS PROJECT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-75 |
| | § | |
| BRYAN SHAW, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On this day came on to be considered Guadalupe-Blanco River Authority's Motion to Intervene as a Defendant and Memorandum in Support ("the Motion to Intervene"). (D.E. 31.) For the reasons stated below, the Motion to Intervene is GRANTED.

**I.     Jurisdiction**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 16 U.S.C. §§ 1540(c) & (g) (the Endangered Species Act),[1] and 28 U.S.C. § 2201 (Declaratory Judgment Act).

**II.     Factual and Procedural Background**

The Aransas Project (a non-profit corporation) brought this action on March 10, 2010 pursuant to the Endangered Species Act, 16 U.S.C. §§ 1540(c) & (g), against several Texas Commission on Environmental Quality ("TCEQ") officials (Bryan Shaw, Buddy Garcia, Carlos Rubinstein, and Mark Vickery) and the South Texas Watermaster (Al Segovia). In essence, Plaintiff alleges that Defendants' failure to adequately manage the flow of freshwater into the San Antonio Bay ecosystem during the 2008-2009 winter resulted in a "tak[ing]" of Whooping

---

[1] 16 U.S.C. § 1540(c) provides, "[t]he several district courts of the United States, including the courts enumerated in section 460 of title 28, shall have jurisdiction over any actions arising under this chapter," and Section 1540(g) provides for civil lawsuits under the Endangered Species Act.

Cranes, an endangered species, in violation of Section 9 of the Endangered Species Act, 16 U.S.C. § 1538(a)(1)(B).  Plaintiff argues that the reduced flow of freshwater into the ecosystem increased salinity, reducing the food and water supply for the Whooping Cranes, thus weakening and ultimately resulting in the death of twenty-three Whooping Cranes.  (D.E. 1.)

Intervenor Guadalupe-Blanco River Authority ("GBRA") filed its Motion to Intervene on April 21, 2010.[2]  (D.E. 31.)  GBRA seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative Rule 24(b)(1)(B).  GBRA argues that it satisfies the standards for intervention under Rule 24(a)(2).  As set out below, the Court agrees.

**III.    Discussion**

Federal Rule of Civil Procedure 24(a)(2), which governs intervention of right, provides:

> On timely motion, the court must permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Based upon this Rule, the Fifth Circuit has developed the following four factor test in evaluating a motion to intervene under Rule 24(a)(2):

> (1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation.

Heaton v. Monogram Credit Card Bank of Georgia, 297 F.3d 416, 422 (5th Cir. 2002). Generally, "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained."  Id.

In this case, all four factors are easily satisfied.  First, the Motion to Intervene is timely.

---

[2] The Court struck Intervenor's first two Motions to Intervene for procedural defects.  (D.E. 24, 30.)  The operative Motion to Intervene was filed on April 22, 2010.  (D.E. 31.)

This action was filed on March 10, 2010, and the Motion to Intervene was filed on April 21, 2010. The Motion was filed prior to the submission of any answers, and even before the initial pretrial conference in this matter, held on April 22, 2010.

Second, GBRA has a significant interest in the subject matter of this litigation. The Texas Legislature has granted GBRA extensive authority over waterways in its 10-county statutory district, including the Guadalupe River, a central waterway in this litigation. GBRA holds water rights from the TCEQ, and uses these rights to contract with municipal, industrial, and agricultural users. (D.E. 31 at 16-17; D.E. 31-1 at 3, 13-14.)[3] Given the potential impact this litigation would have upon the use of water in the region, the GBRA certainly has a strong interest in this action.

Third, disposition of this action may impair or impede GBRA's ability to protect its interest. This litigation focuses on water rights upon which the GBRA relies, as well as the administration of water resources that GBRA manages. If Plaintiffs are successful in this litigation, Defendants would be restricted in their approval of water use permits, which would directly impact GBRA and its ability to perform its contractual obligations. (See D.E. 31-1 at 4, 14.)

Finally, it is clear that GBRA's interests are not adequately represented by the existing parties to the litigation. The showing for this final factor is "treated as minimal." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). Plaintiff clearly does not represent GBRA's interests, as it seeks relief that would impede GBRA's water rights. While Defendants do share certain interests with GBRA, namely ensuring that water rights will not be impeded,

---

[3] The Court may consider affidavits submitted in support of the Motion to Intervene. See, e.g., Sierra Club v. FEMA, 2008 WL 2414333, at *6 (S.D. Tex. June 11, 2008) (considering affidavit regarding intervenor's interests); Citizens for Holly Springs Nat'l Forest v. U.S. Forest Serv., 1999 WL 33537220, at *1 (N.D. Miss. May 10, 1999) ("The pleadings in this case and the affidavits attached to applicants' motion demonstrate that the four elements which must be met for intervention under Rule 24(a)(2) . . . have been met by the applicants.").

their interests nevertheless diverge. Defendants are primarily concerned with defending their policy determinations and protecting the State's resources on a larger level. Defendants would not, for example, be particularly concerned with protecting GBRA's numerous contractual commitments or the exercise of GBRA's statutory authority. As such, "there is sufficient doubt about the adequacy of representation to warrant intervention." Id.

In sum, the Court finds that the elements necessary for intervention as right under Rule 24(a)(2) have been satisfied, and therefore concludes that the Motion to Intervene should be granted. (D.E. 31.)

**IV.   Conclusion**

For the reasons stated above, the Court GRANTS GBRA's Motion to Intervene as a Defendant and Memorandum in Support. (D.E. 31.) GBRA shall be permitted to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2).

SIGNED and ORDERED this 23rd day of April, 2010.

_____
Janis Graham Jack
United States District Judge