UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE ARANSAS PROJECT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-75 |
| | § | |
| BRYAN SHAW, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Texas Farm Bureau and American Farm Bureau Federation's Motion for Stay of Proceedings Pending Appeal. (D.E. 151.)

On June 17, 2010, this Court denied the Texas Farm Bureau and American Farm Bureau Federation's ("TFB/AFBF") Motion to Intervene. (D.E. 86.) On June 29, 2010, TFB/AFBF filed an appeal of the June 17, 2010 Order with the United States Court of Appeals for the Fifth Circuit. (D.E. 125.) TFB/AFBF now requests that this Court stay the proceedings in this action pending the disposition of the appeal. (D.E. 151.)

In determining whether to issue a stay pending an appeal, a court must consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see Arnold v. Garlock, Inc., 278 F.3d 426, 438-39 (5th Cir. 2001); Draughon v. Dretke, 2005 WL 3591008, at *1 (S.D. Tex. Dec. 30, 2005) (citing Hilton). While "each part must be met, the appellant need not always show a probability of success on the merits; instead, the movant need only present

a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." Arnold, 278 F.3d at 438-39 (internal quotation marks omitted).

The Court declines to issue a stay in this case, primarily because TFB/AFBF has failed to make "a strong showing that [they are] likely to succeed on the merits." Hilton, 481 U.S. at 776, or even presented "a substantial case on the merits." Arnold, 278 F.3d at 438-39. The Court fully considered TFB/AFBF's arguments in their Motion to Intervene, and rejected those arguments. The Court relies upon its analysis of TFB/AFBF's Motion to Intervene provided in its June 17, 2010 Order. (D.E. 86 at 20-22, 26-28.) TFB/AFBF has not presented any new arguments that call into question this Court's prior ruling.

The Court also briefly notes that TFB/AFBF has failed to meet the other factors relevant to issuance of a stay. Because their interests will be adequately represented by existing parties to this litigation, TFB/AFBF cannot demonstrate that they will be "irreparably injured absent a stay." Issuance of a stay will, however, injure Plaintiff's interests in this litigation, as well as those of water users. (D.E. 151 at 12 (listing Plaintiff as opposing the Motion to Stay).) Intervenor Texas Chemical Council ("TCC") has stated, "[t]he existence of this lawsuit creates great uncertainty among all of the water users involved and makes it impossible for these entities to be assured of a dependable source of water. Such uncertainty affects all of their plans and operations. Any delay in the trial schedule increases the damage of that uncertainty." (D.E. 152 at 2.) Further, now pending before the Court are four separate motions to dismiss filed by the TCEQ Defendants, Intervenor Guadalupe Blanco River Authority, and TCC. (D.E. 40; 43; 57; 120.) An oral argument on these motions has been set for July 28, 2010. (D.E. 154.)

Issuance of a stay could delay the Court's ruling on these important motions by several months. Finally, the public interest favors the prompt resolution of this case, both with respect to the protection of the endangered species at issue (the Whooping Cranes) and the important state water rights at issue.

For the reasons stated above, TFB/AFBF's Motion for Stay of Proceedings Pending Appeal is DENIED. (D.E. 151.)

SIGNED and ORDERED this 14th day of July, 2010.

_____
Janis Graham Jack
United States District Judge